UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SUMERU HEALTH CARE GROUP, L.C. )
d/b/a/ THE CENTER FOR INTERNAL )
MEDICINE AND PEDIATRICS )
)
    Plaintiff, ) No. 3:02-cv-447
)
v. )
)
MICHAEL T. HUTCHENS, *et al.* )
)
    Defendants.

## ORDER

This case was originally filed in 2002, but has been closed for administrative purposes since September 15, 2005 [doc. 62]. The parties appeared for a status conference on March 30, 2015 and represented that this matter is ready to advance toward trial. The following determinations and agreements were made:

(1) Plaintiff's counsel will confer with his client to confirm that the Plaintiff wishes to move forward with this case as soon as he is able. Should Plaintiff chose not to proceed, counsel will take appropriate action to notify the Defendants and the Court and to dispose of the case.

(2) The next step toward resolution in this case will be to address the Defendants' Motion for Summary Judgment [doc. 43], which is currently pending.

(3) Defendants shall have until and including **April 30, 2015** to supplement their Motion for Summary Judgment [doc. 43].

(4) Plaintiff shall have until and including **May 28, 2015** to respond to the Defendants' supplemented motion [doc. 43].

(5) Oral argument on the Defendants' Motion for Summary Judgment [doc. 43] will be held before this Court on **June 15, 2015 at 10:00 AM EST**.

(6) A final pretrial conference will be held on **August 5, 2015 at 10:00 AM EST.**

(7) The trial of this case will be held with a jury beginning on **Tuesday, August, 18, 2015 at 9:00 AM EST**. The trial is expected to take four days or less.

(8) The parties will confer to discuss the possibility of mediating this case. The parties will keep the Court apprised of mediation attempts as they are scheduled, so that the dates set in this Order may be modified if necessary.

**The following dates and instructions shall apply to the trial of this cause:**

    a.    **Evidence-Presentation Equipment:**  If one or more of the parties desire to use the Court's Digital Evidence Presentation System (DEPS) at trial or for any pretrial hearing, or if any party intends to use any other electronic, mechanical, or other equipment to display evidence at trial, notice must be given to the Court's courtroom deputy clerk, Mr. Jason Huffaker (865) 545-4234, Ext. 2275, or at Jason_Huffaker@tned.uscourts.gov at least seven (7) days before the pretrial conference (for trial) or before any pretrial hearing.

    b.    **Pretrial Disclosures:**  On or before thirty (30) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (*see* 6(f) below).

    c.    **Motions in Limine:**  All motions in limine must be filed no later than thirty (30) days before trial.  Unless the parties are otherwise notified, motions in limine which are not resolved prior to the final pretrial conference will be addressed by the Court at the final pretrial conference.

d. **Pretrial Order:** Thirty days before trial, an agreed pretrial order shall be filed. The order shall contain the following recitals:

1. Jurisdiction.
2. That the pleadings are amended to conform to the pretrial order.
3. Short summary of plaintiff's theory.
4. Short summary of defendant=s theory.
5. The issues to be submitted to the trial judge or jury.
6. Stipulations of fact.
7. Novel or unusual questions of law or evidence.
8. Estimated length of trial (in working days).
9. Possibility of settlement.
10. Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (47 days if service by mail), plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within seven (7) days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendants' theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's office at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five (5) days following entry of the order.

The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

e. **Special Requests to Instruct for Jury Trial:** Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than thirty (30) days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4. There is reserved to counsel for the respective parties

the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

f. **Exhibits:** All anticipated exhibits will be labeled and numbered prior to trial. At the inception of trial, counsel will furnish the Court with the original and one (1) copy of their exhibits. The parties are directed to confer prior to the final pretrial conference as to the authenticity and admissibility of exhibits and be prepared to discuss any objections at the pretrial conference.

g. **Witness Lists:** Forty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Rule 26(a)(3). Within five (5) days after service of a final witness list, such list may be supplemented.

h. **Trial Briefs:** At least fifteen (15) days before trial, the parties must file trial briefs concerning any novel or unusual questions of law that have been highlighted in the pretrial order.

i. **Use of Depositions at Trial:** In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rules 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

j. **Motions in Limine**: All motions *in limine* must be filed no later than thirty (30) days before trial. Such motions will be addressed by the Court at the final pretrial conference (see No. 7 below), unless the parties are notified otherwise by the Court.

k. **Matters Preliminary to Trial**: If there are matters that require the court's attention prior to trial, counsel shall be present and prepared to address those matters at 8:30 a.m. on the date of trial.

SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD

THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER AS TO THOSE DATES. THIS ORDER SHALL NOT BE CHANGED WITHOUT GOOD CAUSE.

The case is hereby **REOPENED** and the parties are instructed to proceed in accordance with this **ORDER**:

Enter:

                                          s/ Thomas W. Phillips
                                          UNITED STATES DISTRICT JUDGE